## No. 928

### NEW YORK CENTRAL R. R. CO. v. LOGAR

Ohio Appeals, 8th District, Cuyahoga County
No. 5102. Decided Nov. 5, 1923

26● NEGLIGENCE.

Railroad Company liable in punitive damages for assault of employe where general foreman participates in the assault or authorizes—Verdict must be manifestly against weight of evidence before reviewing court will set it aside.

SULLIVAN, J.

#### Epitomized Opinion

This is an action for personal injuries brought by one Logar against the New York Central R. R. Company. In November, 1922, Logar, while at work at a roundhouse in Collinwood, Ohio, was given an order by one Thomas to remove ashes from the flue of an engine, and upon the refusal of Logar to comply with said order, the difficulty was reported to a foreman, who took Logar with him to the office to see another foreman there. An argument er●●d, and after leaving the office Logar was ba●●y beaten up and seriously injured by a night watchman. Logar was taken to a hospital and was later imprisoned in the county jail at the instance of the night watchman. The record also disclosed some evidence that the railroad knew that the night watchman was an unfit employe in that he had been employed as a strike breaker in a recent strike. Moreover, the general foreman participated in the quarrel, and there was some evidence that he authorized the watchman to put Logar out. The jury returned a verdict for the plaintiff in the sum of $12,000, whereupon defendant prosecuted error. The railroad claimed that prejudicial error was committed in submitting to the jury the question of punitive damages and in support thereof relied upon the case of Railway Co. v. Prentice, 147 U. S. 101. In sustaining the judgment of the lower court, the Court of Appeals held:

1. By virtue of the position, authority and power of the general foreman in respect to the tortious and malicious act alleged, the corporation authorized in law the act complained of, and the essential legal elements to form a basis for punitive damages against a corporation clearly existed in this case. (Railway Co. v. Prentice, 147 U. S. 101, distinguished.)

2. A reviewing court should not reverse a judgment because the verdict is against the weight of the evidence unless it is so clearly unsupported by the weight of the evidence as to indicate some misapprehension, mistake or bias on the part of the jury, or a wilful disregard of duty, and as no such error appears, the judgment must be sustained.

Attorneys—D. G. Jaeger and C. C. Handy, Cleveland, for New York Central R. R. Co.; A. L. McGannon, Cleveland, for Logar.

---

## No. 929

### HAWKINS v. COMERFORD

Ohio Appeals, 8th District, Cuyahoga County
No. 4436. Decided Oct. 22, 1923

269. NEW TRIAL.

Newly discovered evidence, may be granted on motion before term, and petition thereafter—Where judgment was directed, alleged vidnc of nw witness, which would take the case to jury, sufficient for granting.

VICKERY, P. J.

#### Epitomized Opinion
##### Error to Cuyahoga Common Pleas

Hawkins was injured in an accident by an automobile driven by Comerford, and brought this action to recover damages. Verdict was directed against Hawkins, and judgment rendered on the verdict. At a subsequent term, Hawkins advertised, and a witness came forward who witnessed the accident. The new evidence was set up in a petition for a new trial, on the ground of newly discovered evidence.

Common-Pleas Judge Kennedy held that a new trial was warranted, and the Appellate Court sustained his decision, as follows:

If the newly discovered evidence, when brought in court, would probably necessitate a different finding, or judgment of the court, or have a convincing tendency, the court below was warranted in granting a new trial on a motion before term, and on a petition after term, citing the rule, as laid down by it, in Federal Coffee Mills Co. v. Disbach, No. 3790, in its court.

The Common Pleas, having directed a verdict because of the insufficiency of evidence, there having been no testimony of any witness who saw the accident, and is under testimony of the new witness produced in court, it would be impossible for the court, under the Ohio scintilla rule, to direct a verdict, the case would necessarily have to go to the jury, and it came strictly within the rule laid down in the Coffee Mills Case, above, and other authorities.

Attorneys—Mooney, Hahn, Loeser & Keough, for Hawkins; Edward Davidson, for Comerford.